## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS,
## EASTERN DIVISION

| | |
|---|---|
| HARLEYSVILLE PREFERRED INSURANCE COMPANY, An Ohio Corporation; and HARLEYSVILLE LAKE STATES INSURANCE COMPANY, an Ohio Corporation, | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| DUDE PRODUCTS, INC., a Delaware Corporation; ARLENE WYANT; DEXTER COBB; and JOSEFINA DARNELL; | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

Case No. 21-cv-5249

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs HARLEYSVILLE PREFERRED INSURANCE COMPANY, An Ohio Corporation; and HARLEYSVILLE LAKE STATES INSURANCE COMPANY, an Ohio Corporation, by and through their attorneys, MEAGHER & GEER, P.L.L.P., state the following as their Complaint for Declaratory Judgment, pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, against Defendants, DUDE PRODUCTS, INC., a Delaware corporation, ARLENE WYANT, DEXTER COBB and JOSEFINA DARNELL:

### Introduction

1.      This is a Declaratory Judgment action to obtain a declaration of the rights and obligations under commercial liability insurance policies that were issued by Plaintiffs to Dude Products, Inc.  Plaintiffs seek a declaration from this Court regarding the extent of the their rights and obligations under the policies, if any, for the allegations in the First Amended Class Action Complaint directed against Dude Products in a lawsuit entitled, *Arlene Wyant, Dexter Cobb, and*

*Josefina Darnell, individually and on behalf of all others similarly situated v. Dude Products, Inc.,* case no. 1:21-cv-00682, filed in the U.S. District Court for the Northern District of Illinois, Eastern Division (the "Underlying Suit" or "Underlying Complaint"). (A copy of the Underlying Complaint is attached as Exhibit A.)

2. Plaintiffs seek a declaration from this Court that they owe no obligation under its respective policies to defend and/or to indemnify Dude Products with regard to the allegations in the Underlying Complaint.

## Jurisdiction and Venue

3. Plaintiff, Harleysville Preferred Insurance Company, is an insurance company incorporated under the laws of the state of Ohio, with its principal place of business in Columbus, Ohio. Harleysville Preferred was authorized to issue policies of insurance in the state of Illinois.

4. Plaintiff, Harleysville Lake States Insurance Company, is an insurance company incorporated under the laws of the state of Ohio, with its principal place of business in Columbus, Ohio. Harleysville Lake States was authorized to issue policies of insurance in the state of Illinois.

5. Defendant, Dude Products, Inc. ("Dude Products"), is a corporation organized under the laws of the state of Delaware, with its principal place of business located in Chicago, Illinois. Dude Products is the named insured under the subject insurance policies issued by Plaintiffs and at issue in this coverage action.

6. Defendant, Arlene Wyant ("Wyant"), is a citizen of New York and resides in Clinton Corners, New York. Plaintiffs name Wyant as a potentially interested party by virtue

of her status as a named plaintiff and purported class representative in the underlying suit. No affirmative relief is sought against Wyant.

7.      Defendant, Dexter Cobb ("Cobb"), is a citizen of California and resides in Los Angeles, California. Plaintiffs name Cobb as a potentially interested party by virtue of his status as a named plaintiff and purported class representative in the underlying suit. No affirmative relief is sought against Cobb.

8.      Defendant, Josefina Darnall ("Darnall"), is a citizen of Illinois where she resides in Alsip, Illinois. Plaintiffs name Darnell as a potentially interested party by virtue of her status as a named plaintiff and purported class representative in the underlying suit. No affirmative relief is sought against Darnall.

9.      Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between the Plaintiffs, on the one hand, and Defendants, Dude Product, Wyant, Cobb and Darnall, on the other; and (b) the amount in controversy, including the potential cost of defending and indemnifying Dude Products in the Underlying Suit well exceeds $75,000.

10.     Venue is appropriate under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this lawsuit occurred in the Northern District of Illinois, including the location where Dude Products maintains its principle place of business, where Josefina Darnall alleges she sustained her injury, where the underlying lawsuit is pending, and where the subject policies were issued.

11.     An actual justiciable controversy exists between Plaintiffs, on the one hand, and Dude Products, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and this Court is invested with the power to

declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

## The Underlying First Amended Class Action Complaint

12.     On February 5, 2021, Arlene Wyant and Dexter Cobb filed a Class Action Complaint directed against Dude Products, Inc. in the in the U.S. District Court for the Northern District of Illinois, Eastern Division, titled *Arlene Wyant and Dexter Cobb, individually and on behalf of all others similarly situated v. Dude Products, Inc.,* case no. 1:21-cv-00682.  On May 3, 2021, Wyant, Cobb and Josefina Darnall (collectively "Underlying Class") filed a First Amended Class Action Complaint ("underlying complaint") directed against Dude Products, Inc. (*See* Exhibit A.)

13.     The Underlying Complaint alleges that Dude Products marketed and sold a line of products branded as Dude Wipes, which are packaged as small to medium-sized moistened pieces of cloth, which come pre-cut folded rectangles and are marketed as a "flushable" toilet paper alternative.  The Underlying Class alleges that Dude Wipes, in fact, are not flushable because "they do not break apart or disperse in a reasonable period of time after flushing, resulting in clogs or other sewer damage."

14.     The Underlying Class alleges that Dude Products engaged in "widespread false and deceptive advertising" by claiming that Dude Wipes are "flushable," which is a term the underlying class alleges is commonly understood to mean suitable for disposal by flushing down a toilet.  It is further alleged that the common understanding of the term "flushable" gave reasonable consumers the expectation that Dude Wipes would not clog or cause other operational problem in household sewage lines, septic systems or other standard wastewater equipment.

15.     The Underlying Class alleges that they purchased Dude Wipes because Dude Products represented and warranted that the Dude Wipes product was "flushable."

16.     The Underlying Class alleges that Dude Products knew that the Dude Wipes products were not "flushable" and did not break apart and disperse in sewer lines when Dude Products made the alleged false, fraudulent and deceptive misrepresentations that Dude Wipes were "flushable."

17.     Underlying class representative, Wyant, resides in Clinton Corners, New York and alleges she purchased the Dude Wipes on January 10, 2021 and later experienced clogged plumbing issues due to the use of Dude Wipes.  Underlying class representative, Cobb, is a resident of Los Angeles, California and alleges he purchased Dude Wipes in October 2020. Underlying class representative, Darnall, resides in Alsip, Illinois and mistakenly alleges she purchased Dude Wipes on December 1, 2021 and subsequently experienced clogged plumbing issues due to the use of Dude Wipes.

18.     The Underlying Complaint alleges that the National Association of Clean Water Agencies conducted a nationwide study that revealed the cost of flushable wipes to be an estimated $441 million annually in additional operating costs in the collection systems of clean water facilities, or an average of $30,000 to the average utility.

19.     The Underlying Complaint seeks to certify a class defined as all people who purchased any Dude Wipes product that falsely advertised that the product was purportedly "flushable" during the applicable statute of limitations.   Within the purported class, the underlying complaint seeks to certify five subclasses: (1) the national subclass; (2) the California subclass represented by Wyant; (3) the New York subclass represented by Cobb; (4) the Illinois subclass represented by Darnell; and (5) the Consumer Fraud Multi-State Class consisting of class

members who reside in the states of California, Florida, Illinois, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, New York and Washington.

20. The California Subclass alleges causes of action for violations of California's Consumer Legal Remedies Act ("CLRA") [Cal. Civ. Code § 1750, *et seq.*] (Count I), California's Unfair Competition Law [Cal. Bus. & Prof. Code § 17200, *et seq.*] (Count II), California's False Advertising Law [Cal. Bus. & Prof. Code § 17500, *et seq.*] (Count III), Breach of Express Warranty (Count VI), and Breach of Implied Warranty (Count VII).

21. The New York Subclass alleges causes of action for violations of New York's General Business Law § 349 (Count IV), New York's General Business Law § 350 (Count V), and Breach of Express Warranty (Count VI).

22. The Illinois Subclass alleges causes of action for Breach of Express Warranty (Count VI), Breach of Implied Warranty (Count VII) and the Illinois Consumer Fraud Act 815 ILCS 505/1, *et seq* (Count VIII).

23. The Consumer Fraud Multi-State Class alleges a cause of action for violation of the State Consumer Fraud Acts (On Behalf Of the Consumer Fraud Multi-State Subclass).

24. The Underlying Class seeks an order requiring Dude Products to "disgorge and make restitution of all monies [Dude Products] acquired by means of [its] unlawful practices"; enjoining Dude Products from its unlawful practices alleged, and directing Dude Products to identify, with Court supervision, victims of its conduct and pay them all the money they are required to pay; and awarding the Underlying Class their costs and expenses incurred in the action, including reasonable attorneys' fees.

**The Harleysville Preferred Commercial General Liability Policy**

25.     Harleysville Preferred provided Dude Products Inc. with a Commercial Package Policy Number SPP00000021151T, effective 4/21/2014 through 4/21/2015, which includes Commercial General Liability ("CGL") Coverage.  The CGL coverage affords general liability limits of $1,000,000 per occurrence with a $2,000,000 general aggregate limit.  The applicable coverage form is the Commercial General Liability Coverage form CG0001 1207.  (A copy of the Harleysville Preferred Commercial Package Policy is attached hereto and made a part hereof as Exhibit B.)

**I – COVERAGES**
**A.   COVERAGE A.  BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.   Insuring agreement**

a.   We will pay those sums up to the applicable limit of insurance that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages for which there is coverage under this policy.

However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury or "property damage" to which this insurance does not apply.

We may, at our sole discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:

(1)   The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

(2)   Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

b.   This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period;

(3) Prior to the policy period, no insured listed under Paragraph 1. Of Section II.  Who is an Insured and no employee authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" occurred in whole or in part.

**c.**   "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.**   "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

**(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

**(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

**(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**2.   Exclusions**

This insurance does not apply to:

**a.   Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

[. . .]

    **m.  Damage To Impaired Property Or Property Not Physically Injured**

    "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

    **(1)**  A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"[.]

* * * * *

**B.  COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

  **1. Insuring Agreement**

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

    [. . .]

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments — Coverages A and B.

    b.  This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

  **2. Exclusions**

  This insurance does not apply to:

  [. . .]

    **b.  Material Published With Knowledge Of Falsity**

    "Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

  [. . .]

    **g.  Quality Or Performance Of Goods – Failure To Conform To Statements**

"Personal and advertising injury" arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement".

[. . .]

## SECTION V – DEFINITIONS

[. . .]

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

[. . .]

**5.** "Employee" includes a "leased worker." "Employee" does not include a "temporary worker."

[. . .]

**8.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:
   **a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or
   **b.** You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

[. . .]

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

   a.  false arrest, detention or imprisonment;

   b.  Malicious prosecution;

   c.  The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor.

   d.  Oral or written publication, in any manner that slanders or libels a person [ ];

  e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

  f. The use of another's advertising idea in your "advertisement"; or

  g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

  [ . . . ]

22. "Your work":

  a. Means:
  (1) Work or operations performed by you or on your behalf; and

  (2) Materials, parts or equipment furnished in connection with such work or operations.

  b. Includes:
  (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

  (2) The providing of or failure to provide warnings or instruction.

  [. . .]

26. The following relevant endorsements were included as part of the Commercial General Liability Coverage Part:

This endorsement modifies insurance provided by the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**SP-7103**
**(Ed. 12-07)**

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**CUSTOMPAK**
**GENERAL LIABILITY ENHANCEMENT ENDORSEMENT –**
**OTHER THAN CONTRACTORS**

[. . .]

**F. MENTAL ANGUISH – BODILY INJURY REDEFINED**

1. The definition of "bodily injury" in **Section V – Definitions** is replaced by the following:
   3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including mental anguish or death resulting from any of these at any time.

## The Harleysville Lake States Commercial Umbrella Liability Policy

27.     Harleysville Lake States issued to Dude Products a Commercial Umbrella Liability Policy No. CMB00000021152T, effective April 21, 2014 to April 21, 2015 ("Umbrella Policy"). The Umbrella Policy has a $4 million limit. As they relate to this coverage action, the provisions in the Umbrella Policy are the same as those in the GCL Policy. (A copy of the Harleysville Lake States Umbrella Policy is attached hereto and made a part hereof as Exhibit C.)

28.     The Harleysville Lake States CU Policy Coverage Form CU0001 1207, provides the following coverages:

### COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM

[. . .]

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
1. **Insuring Agreement**
   a. We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. At our discretion, we may investigate any "occurrence" that may involve this insurance and settle any resultant claim or "suit", for which we have the duty to defend. But:

(1) The amount we will pay for the "ultimate net loss" is limited as described in Section III – Limits Of Insurance; and

(2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**

**b**. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period; and

(3) Prior to the policy period, no insured listed under Paragraph 1.a. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

[. . .]

2. **Exclusions**

This insurance does not apply to:

a. **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

[. . .]

p. **Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"[.]

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

1. **Insuring Agreement**

   a. We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "personal and advertising injury" when the "under inlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have not duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. At our discretion, we may investigate any offense that may involve this insurance and settle any resultant claim or "suit", for which we have the duty to defend. But:

   (1) The amount we will pay for the "ultimate net loss" is limited as described in Section III – Limits Of Insurance; and

   (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B.

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

   b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

2. **Exclusions**
   This insurance does not apply to:

   a. "Personal and advertising injury":

   [. . .]

   **(2) Material Published With Knowledge Of Falsity**
   "Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

   [. . .]

   **(7) Quality Or Performance Of Goods – Failure To Conform To Statements**
   "Personal and advertising injury" arising out of the failure of goods, products or services to conform with any

statement of quality or performance made in your "advertisement".

[. . .]

## SECTION V – DEFINITIONS

[. . .]

**3**. "Bodily injury" means bodily injury, disability, sickness, or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury resulting from "bodily injury".

[. . .]

**8**. "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:
   **a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or
   **b.** You have failed to fulfill the terms of a contract or agreement;
   if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

[. . .]

**13**. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14**. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
   a. False arrest, detention or imprisonment;
   b. Malicious prosecution;
   c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
   d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
   e. Oral or written publication, in any manner, of material that violates a person's right of privacy;
   f. The use of another's advertising idea in your "advertisement"; or
   g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

[. . .]

18. "Property damage" means:
   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it. [ ]

   [. . .]

24. "Underlying insurance" means any policies of insurance listed in the Declarations under the Schedule of "underlying insurance".

   [. . .]

27. "Your product":
   a. Means:
      (1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
         (a) You;
         (b) Others trading under your name; or
         (c) A person or organization whose business or assets you have acquired; and
      (2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

   b. Includes:
      (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and
      (2) The providing of or failure to provide warnings or instructions.

   c. Does not include vending machines or other property rented to or located for the use of others but not sold.

28. "Your work":
   a. Means:
      (1) Work or operations performed by you or on your behalf; and
      (2) Materials, parts or equipment furnished in connection with such work or operations.
   b. Includes:
      (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and
      (2) The providing of or failure to provide warnings or instructions.

**Dude Products' Tender to Plaintiffs**

29.     On or about February 11, 2021, Dude Products tendered to Plaintiffs the defense of the Arlene Wyant and Dexter Cobb's original class action complaint.

30.     On or about February 16, 2021, Plaintiffs notified Dude Wipes that it had reviewed the applicable Policies and determined that there was no defense or indemnity coverage in connection with the class action complaint directed against Dude Products.

31.     On or about May 13, 2021, Dude Products tendered to Plaintiffs the defense of the underlying first amended class action complaint directed against Dude Products.

32.     On or about May 25, 2021, Plaintiffs notified Dude Wipes that it had re-evaluated its coverage position based on the allegations in the first amended class action complaint and the applicable Policies, and determined that there was no defense or indemnity coverage in connection with the underlying complaint directed against Dude Products, and requested that Dude Wipes withdraw its tender.

33.     As of the date of this filing, Dude Wipes has not withdrawn its tender.

**COUNT I – DECLARATORY JUDGMENT**
**(Harleysville Preferred CGL Policy)**

34.     Harleysville Preferred repeats and realleges the allegations in Paragraphs 1 through 33 as though fully set forth herein as paragraph 34.

35.     The dates of purchase of Dude Wipes products alleged in the underlying complaint all occurred in 2020 or later, all of which occurred after the effective dates of the GCL policy that expired on 4/21/2015.

36.     The underlying complaint alleges that Dude Products violated various state statutes by disseminating false, misleading and deceptive advertisements and representations, engaging in unfair, fraudulent and deceptive business practices, and breached express and implied

warranties when representing that its Dude Wipes products were flushable. The underlying allegations do not meet the definition of "bodily injury", "property damage" or "personal and advertising injury" as those terms are defined above in the CGL Policy and, therefore, there is no coverage for the allegations in the underlying complaint under the CGL Policy.

37. Furthermore, the policy requires that "bodily injury," "property damage," and/or "personal and advertising injury" be caused by an "occurrence", which is defined above as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The underlying allegations do not trigger an "occurrence" as defined in the CGL Policy and, therefore, there is no coverage for the underlying complaint under the CGL policy.

38. In addition and in the alternative, Coverage A, Exclusion a., titled "Expected or Intended Injury", precludes liability coverage for "property damage" when such damage is expected or intended from the standpoint of the insured. The Underlying Complaint alleges that Dude Products knew that its Dude Wipes products failed to break down and could result in clogged sewer pipes and, therefore, Dude Products would have expected any property damage resulting from customers who flushed the Dude Wipes. Accordingly, this exclusion applies to the underlying complaint and precludes coverage for bodily injury or property damage.

39. In addition and in the alternative, Coverage A, Exclusion m., titled "Damage to Impaired Property or Property Not Physically Injured", precludes liability coverage for "property damage" or "impaired property" arising out of "a defect, deficiency, inadequacy or dangerous condition in 'your product'[.]" The Underlying Complaint alleges that Dude Wipes products were defective, deficient and inadequate to serve as "flushable" wipes because they fail to break down and disperse in the same manner and at the same rate as toilet paper and

other flushable products. Accordingly, this exclusion applies to the underlying complaint and precludes coverage for property damage.

40.     In addition and in the alternative, Coverage B, Exclusion b., titled "Material Published With Knowledge of Falsity", precludes liability coverage for "personal and advertising injury" arising out of oral or written publication of material, if done at the direction of [Dude Products] with knowledge of its falsity."  The Underlying Complaint alleges that, when Dude Products marketed and sold Dude Wipes as "flushable", it knew that Dude Wipes products failed to break down and disperse in the same manner and at the same rate as toilet paper and other flushable products.  Accordingly, this exclusion applies to the underlying complaint and precludes coverage for personal and advertising injury under the CGL Policy.

41.     In addition and in the alternative, Coverage B, Exclusion g., titled "Quality Or Performance Of Goods – Failure To Conform To Statements", precludes liability coverage for "personal and advertising injury" arising out of "the failure of goods, products or services to conform with any statement of quality or performance made in your advertisement."  The Underlying Complaint alleges that, when Dude Products marketed and sold Dude Wipes as "flushable", it knew that Dude Wipes products failed to break down and disperse in the same manner and at the same rate as toilet paper and other flushable products.  Accordingly, this exclusion applies to the underlying complaint and precludes coverage for personal and advertising injury under the CGL Policy.

42.     Harleysville Preferred specifically denies any and all liability under the terms and provisions of the aforementioned Harleysville Preferred CGL Policy of insurance issued to Dude Products and insists that it is not obligated to defend or indemnify any judgment entered against Dude Products in the Underlying Suit and, by reason of such

demand, Harleysville Preferred is in peril and in danger of loss unless the policies of insurance be properly construed and the rights of all parties hereto determined in this action.

43.     An actual controversy exists between Harleysville Preferred and Dude Products, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, the plaintiff, HARLEYSVILLE PREFERRED INSURANCE COMPANY, respectfully prays that this Honorable Court:

     A.    Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Harleysville Preferred Commercial Package Policy No. SPP00000021151T;

     B.    Declare that Harleysville Preferred owes no duty to defend or indemnify Dude Products under the Harleysville Preferred CGL Coverage Part, in connection with the Underlying Suit;

     C.    Declare that  Harleysville Preferred owes no defense or indemnity to Dude Products under the Harleysville Preferred CGL Coverage for the Underlying Suit, because the CGL coverage is precluded by the aforementioned exclusions; and

     D.    Any and all other relief that this Court deems just and equitable under the facts and circumstances.

## COUNT II – DECLARATORY JUDGMENT
### (Harleysville Lake States Commercial Umbrella Liability Policy)

44.     Harleysville Lake States repeats and realleges the allegations in Paragraphs 1 through 43 as though fully set forth herein as paragraph 44.

45.     Harleysville Lake States owes no duty to defend Dude Products under Coverage A of the Umbrella Policy with respect to the Underlying Suit, because there is no such coverage under the Harleysville Preferred CGL Policy.

46.     The dates of purchase of Dude Wipes products alleged in the underlying complaint all occurred in 2020 or later, all of which occurred after the effective dates of the Umbrella Policy that expired on 4/21/2015.   For this reason, owes no duty to defend Dude Products under the Umbrella Policy.

47.     Any claims or causes of action directed against Dude Products for actions or omissions occurring within the applicable policy period would be barred by the applicable statutes of limitations governing each cause of action alleged in the underlying complaint.

48.     The allegations in the underlying complaint do not meet the definition of "bodily injury", "property damage" or "personal and advertising injury" as those terms are defined above in the Umbrella Policy and, therefore, there is no coverage for the allegations in the underlying complaint under the Umbrella Policy.

49.     The allegations in the underlying complaint do not trigger an "occurrence" as defined in the Umbrella Policy and, therefore, there is no coverage for the underlying complaint under the Umbrella policy.

50.     In addition and in the alternative, Coverage A, Exclusion a., titled "Expected or Intended Injury", precludes liability coverage for "property damage" when such damage is expected or intended from the standpoint of the insured.   The Underlying Complaint alleges that Dude Products knew that its Dude Wipes products failed to break down and could result in clogged sewer pipes and, therefore, Dude Products would have expected any property damage resulting from customers who flushed the Dude Wipes.  Accordingly, this exclusion applies to the underlying complaint and precludes Umbrella coverage for bodily injury or property damage.

51.     In addition and in the alternative, Coverage A, Exclusion p., titled "Damage to Impaired Property or Property Not Physically Injured", precludes liability coverage for "property damage" or "impaired property" arising out of "a defect, deficiency, inadequacy or dangerous condition in 'your product'[.]"  The Underlying Complaint alleges that Dude Wipes products were defective, deficient and inadequate to serve as "flushable" wipes because they fail to break down and disperse in the same manner and at the same rate as toilet paper and other flushable products. Accordingly, this exclusion applies to the underlying complaint and precludes Umbrella coverage for property damage.

52.     In addition and in the alternative, Coverage B, Exclusion a.(2), titled "Material Published With Knowledge of Falsity", precludes liability coverage for "personal and advertising injury" arising out of oral or written publication of material, if done at the direction of [Dude Products] with knowledge of its falsity."  The Underlying Complaint alleges that, when Dude Products marketed and sold Dude Wipes as "flushable", it knew that Dude Wipes products failed to break down and disperse in the same manner and at the same rate as toilet paper and other flushable products.  Accordingly, this exclusion applies to the underlying complaint and precludes personal and advertising injury under the Umbrella Policy.

53.     In addition and in the alternative, Coverage B, Exclusion a.(7), titled "Quality Or Performance Of Goods – Failure To Conform To Statements", precludes liability coverage for "personal and advertising injury" arising out of "the failure of goods, products or services to conform with any statement of quality or performance made in your advertisement."  The Underlying Complaint alleges that, when Dude Products marketed and sold Dude Wipes as "flushable", it knew that Dude Wipes products failed to break down and disperse in the same

manner and at the same rate as toilet paper and other flushable products. Accordingly, this exclusion precludes personal and advertising injury under the Umbrella Policy.

54.     Harleysville Lake States specifically denies any and all liability under the terms and provisions of the aforementioned Umbrella Policy of insurance issued to Dude Products and insists that it is not obligated to defend or indemnify any judgment entered against Dude Products in the Underlying Suit and, by reason of such demand, Harleysville Lake States is in peril and in danger of loss unless the policies of insurance be properly construed and the rights of all parties hereto determined in this action.

55.     An actual controversy exists between Harleysville Lake States and dude Products, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, the plaintiff, HARLEYSVILLE LAKE STATES INSURANCE COMPANY, respectfully prays that this Honorable Court:

A.      Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Harleysville Lake States Commercial Liability Umbrella Policy No. CMB00000021152T;

B.      Declare that Harleysville Lake States owes no duty to defend or indemnify Dude Products under the Harleysville Lake States Commercial Liability Umbrella Policy in connection with the Underlying Suit;

C.      Declare that Harleysville Lake States owes no defense or indemnity to Dude Products under the Harleysville Lake States Commercial Liability Umbrella Policy for the Underlying Suit, because the umbrella coverage is precluded by the aforementioned exclusions; and

D.      Any and all other relief that this Court deems just and equitable under the facts and circumstances.

HARLEYSVILLE PREFERRED INSURANCE
COMPANY and HARLETYSVILLE LAKE
STATES INSURANCE COMPANY,

By: ___/s/_____
       One of Their Attorneys

Kurt Zitzer
Matthew R. Bloom
MEAGHER & GEER, P.L.L.P.
216 N. Jefferson Street, Suite 100
Chicago, Illinois 60661
(312) 463-1045
Attorney No. 6292410
Our File No.: 56597.00257
kzitzer@meagher.com
mbloom@meagher.com