IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HARLEYSVILLE PREFERRED )<br>INS. CO. and HARLEYSVILLE )<br>LAKE STATES INS. CO., )<br>        )<br>    Plaintiffs,    )<br>        )<br>  vs.      )<br>        )<br>DUDE PRODUCTS, INC., )<br>ARLENE WYATT; DEXTER )<br>COBB; and JOSEFINA DARNELL, )<br>        )<br>    Defendants.    ) | Case No. 21 C 5249 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Harleysville Preferred Insurance Company and Harleysville Lake States Insurance Company (collectively "Harleysville") seek a declaratory judgment that they have no duty to defend or indemnify Dude Products, Inc. in connection with a pending class action lawsuit. Dude Products moved for partial judgment on the pleadings on the duty to defend claim, and Harleysville moved for judgment on the pleadings on both the duty to defend and the duty to indemnify claims. For the reasons stated below, the Court denies Harleysville's motion and grants Dude Products' motion.

## Background

In considering a motion for judgment on the pleadings, the Court must "tak[e] all facts pleaded in the complaint as true and construe all inferences in the [nonmoving party's] favor" while "review[ing] the complaint and all exhibits attached to the

complaint." *Forrest v. Universal Sav. Bank, FA*, 507 F.3d 540, 542 (7th Cir. 2007).

Harleysville is an insurance company organized under the laws of Ohio with authorization to issue insurance policies in Illinois. Dude Products is a corporation organized under the laws of Delaware with its principal place of business in Chicago, Illinois. Dude Products marketed and sold a line of "flushable" toilet paper alternatives known as Dude Wipes. Arlene Wyant is a citizen of New York, Dexter Cobb is a citizen of California, and Josefina Darnell is a citizen of Illinois. Wyant, Cobb, and Darnell purchased Dude Wipes in 2020 or 2021.

Wyant and Cobb sued Dude Products in February 2021 on behalf of a putative class. They added Darnell as a named plaintiff in May 2021, and they allege that Dude Products falsely markets Dude Wipes as "flushable" even though the product does not "break apart or disperse in a reasonable period of time after flushing and result in clogs or other sewage damage." Pls.' Compl., Ex. A ("Underlying Compl.") ¶ 1 [dkt. no. 1-1]"". They also claim that they "suffered injury in fact and lost money or property" and request relief against Dude Products. *Id*. ¶ 35.

Harleysville issued Dude Products two separate insurance policies covering the period from April 21, 2014 to April 21, 2015: a commercial general liability policy and a commercial umbrella liability policy. The terms of the two policies are identical as they relate to the present dispute. They provide that Harleysville "will pay those sums that the insured becomes legally obligated to pay as damages because of … 'property damage[.]'" Pls.' Compl., Ex. B, Commercial General Liability Coverage Form ("Insurance Policy") § I.1.a. [dkt. no. 1-2]"". Both parties have limited their arguments to alleged "property damage" under a term that provides coverage for property damage

2

caused by an "occurrence" during the policy period. The insurance policies define an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *Id.* § V.13.

The policies contain exclusions for "expected or intended injury," that is, property damage that is expected or intended from the standpoint of the insured. *Id*. § I.2.a. The policies also exclude "damage to impaired property or property not physically injured" that arises from a "defect, deficiency, inadequacy, or dangerous condition" in the insured's product. *Id*. § I.2.m. The policies define "impaired property" as

> tangible property, other than [the insured's product], that cannot be used or is less useful because: it incorporates [the insured's product] that is known or thought to be defective, deficient, inadequate or dangerous . . . if such property can be restored to use by the repair, replacement, adjustment or removal of [the insured's product].

*Id*. § V.8.a.

In its complaint in the present case, Harleysville seeks a declaratory judgment stating that it has no duty to defend or indemnify Dude Products under either the CGL or the umbrella policies. It has moved for judgment on the pleadings, contending that (1) the harm alleged in the Wyant action did not arise from an "occurrence"; (2) the "expected and intended injury" and "impaired property" exclusions preclude coverage for the Wyant action; and (3) the Wyant action arises out of conduct that occurred after Harleysville's policies expired.

Dude Products counterclaimed for a declaratory judgment to the effect that Harleysville Preferred has a duty to defend and both insurers have a duty to indemnify. Dude Products also argues that Harleysville Preferred breached its obligations under the CGL policy by failing to provide Dude Products with a defense and failing to

3

reimburse it for its defense of the Wyant action. Dude Products has moved for partial judgment on the pleadings, seeking a declaration regarding the duty to defend as well as actual damages. It contends that Harleysville has a duty to defend because the Wyant action alleges covered property damage that arose from an "occurrence"; the policy exclusions do not preclude Harleysville's duty to defend; and the property damage alleged in the Wyant action potentially falls within the policy period.

## Discussion

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate when there are no disputed issues of material fact and it is clear that the moving party . . . is entitled to judgment as a matter of law." *Unite Here Loc. 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017). The pleadings include the complaint, the answer, and any documents attached as exhibits. *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). To survive a motion for judgment on the pleadings, the complaint (or counterclaim) must "'state a claim that is plausible on its face.'" *ADM Alliance Nutrition, Inc. v. SGA Pharm Lab, Inc*. 877 F.3d 742, 746 (7th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 590 (2007)). In considering the motion, a court considers the facts and draws reasonable inferences in favor of the non-moving party. *Unite Here*, 862 F.3d at 595.

**A.    Duty to defend**

Under Illinois law, which the parties agree governs, an insurance company's "duty to defend under a liability insurance policy is so fundamental an obligation that a breach of that duty constitutes a repudiation of the contract." *Emps. Ins. of Wausau v.*

*Ehlco Liquidating Tr.*, 186 Ill. 2d 127, 151, 708 N.E.2d 1122, 1135 (1999). To determine whether an insurer has a duty to defend, courts examine "the underlying complaint and the language of the insurance policy." *Nat'l Cas. Co. v. McFatridge*, 604 F.3d 335, 338 (7th Cir. 2010); *see also U.S. Fid. & Guar. Co. v. Wilkin Insulation Co.*, 144 Ill. 2d 64, 73, 578 N.E.2d 926, 930 (1991). In doing so, "[b]oth the policy terms and the allegations in the underlying complaint are liberally construed in favor of the insured, and any doubts and ambiguities are resolved against the insurer." *State Farm Fire & Cas. Co. v. Perez*, 387 Ill. App. 3d 549, 553, 899 N.E.2d 1231, 1235 (2008); *see also Amerisure Mut. Ins. Co. v. Microplastics, Inc.*, 622 F.3d 806, 810 (7th Cir. 2010).

"The duty to defend does not require that the [underlying] complaint allege or use language affirmatively bringing the claims within the scope of the policy." *Joseph T. Ryerson & Son, Inc. v. Travelers Indem. Co. of Am.*, 2020 IL 182491, ¶ 34, 165 N.E.3d 439, 453. Rather, a duty to defend exists "if the alleged conduct arguably falls within at least one of the categories of wrongdoing listed in the policy." *Title Indus. Assurance Co., R.R.G. v. First Am. Title Ins. Co.*, 853 F.3d 876, 884 (7th Cir. 2017); *Selective Ins. Co. of S.C. v. Target Corp.*, 845 F.3d 263, 270 (7th Cir. 2016). To put it another way, the insurer's duty to defend arises "if the allegations in an 'underlying complaint allege facts within or potentially within the coverage [of the policy].'" *Amerisure Mut. Ins. Co.*, 622 F.3d at 810 (quoting *Santa's Best Craft, LLC v. St. Paul Fire and Marine Ins. Co.*, 611 F.3d 339, 346 (7th Cir. 2010)). Even if a plaintiff's claims focus solely on one particular legal theory, "Illinois law gives little weight to the legal label a party uses to characterize the underlying allegations" when "the allegations in [the complaint] can reasonably be read to fall within the [p]olicy's coverage." *Selective Ins. Co. of S.C.*, 845

5

F.3d at 270; see also, e.g., Hartford Fire Ins. Co. v. Thermos L.L.C., 146 F. Supp. 3d 1005, 1015 (N.D. Ill. 2015) (underlying complaint "did not need to include a specific request for relief for covered property damage, [because] such a specific request is not required as long as the allegations of the complaint provide a potential for coverage.").

The complaint in the Wyant case does not specifically use the term "property damage," but it includes factual allegations encompassing that, specifically its allegations of injury in the form of "clogs or *other sewage* [sic] *damage*." Underlying Compl. ¶ 1, 25 (emphasis added). Harleysville contends that there is no claim involving covered property damage, arguing that clogging does not amount to a physical injury to tangible property. The Court need not address that particular coverage issue, however, because it disregards the underlying plaintiffs' allegation of "other sewage damage," which *is* a sufficient allegation of a physical injury to tangible property. The Court thus concludes that the allegations in the Wyant action are sufficient to trigger Harleysville's duty to defend, and it addresses each of Harleysville's arguments in turn.

    **1.**    **Occurrence**

The insurance policies cover property damage arising from an "occurrence" or an "accident," which the Seventh Circuit (applying Illinois law) and Illinois courts have defined as an "unforeseen occurrence, usually of an untoward or disastrous character or an undesigned, sudden, or unexpected event of an inflictive or unfortunate character." *Nautilus Ins. Co. v. Bd. of Dirs. of Regal Lofts Condo. Ass'n*, 764 F.3d 726, 731 (7th Cir. 2014) (quoting *Westfield Nat. Ins. Co. v. Cont'l Cmty. Bank & Tr. Co.*, 346 Ill. App. 3d 113, 117, 804 N.E.2d 601, 605 (2003)) (internal quotation marks omitted). Actions that are "expected or intended" to cause an injury are therefore not covered

6

under the "occurrence" provision, *Westfield Nat. Ins. Co.*, 346 Ill. App. 3d at 117, 804 N.E.2d at 605, and "damages that are the natural and ordinary consequences of faulty workmanship do not constitute an 'occurrence' or 'accident'" even if the insured "did not intend or expect the result." *Stoneridge Dev. Co. v. Essex Ins. Co.*, 382 Ill. App. 3d 731, 751, 888 N.E.2d 633, 652 (2008).

By contrast, Illinois courts have repeatedly found that "damage to something other than the [insured's product] itself *does* constitute an 'occurrence[.]'" *Milwaukee Mut. Ins. Co. v. J.P. Larsen, Inc.*, 2011 IL 101316, ¶ 27, 956 N.E.2d 524, 532 (emphasis in original). Along these lines, damage to personal property in the form of "other associated expenses," *Certain Underwriters at Lloyd's London v. Metro. Builders, Inc.*, 2019 IL 190517, ¶ 85, 158 N.E.3d 1084, 1100; "damage to a third-party's furniture, clothing, and antiques" resulting from the insured's faulty placement and insulation of plumbing pipes that burst as a result, *Pekin Ins. Co. v. Richard Marker Assocs., Inc.*, 289 Ill. App.3d 819, 682 N.E.2d 362, 366 (1997); and asbestos contamination damage to a school's buildings and their physical contents, *see U.S. Fid. & Guar. Co. v. Wilkin Insulation Co.*, 144 Ill. 2d 64, 76, 578 N.E.2d 926, 931 (1991), all have been found to constitute property damage arising from an "occurrence."

Here, the underlying complaint does not describe a direct causal connection between Dude Product's allegedly intentional misrepresentation and the actual property damage. The allegation is that Dude Wipes are falsely advertised as flushable and that to the contrary, flushing the product results in clogging and sewer damage. There are no allegations indicating that Dude Products intended this sort of damage by its advertisement or that such damage was a clearly foreseeable result. Additionally, this

7

case can be differentiated from *Nautilus* and *Stoneridge* because there are no allegations of "faulty workmanship" by Dude Products. *See Nautilus*, 764 F.3d at 731; *Stoneridge*, 382 Ill. App. 3d at 753, 888 N.E.2d at 654. Much like third-party property damage found in *Certain Underwriters*, *Pekin*, and *U.S. Fidelity*, the damage alleged in the Wyant Class Action also happened upon the underlying plaintiffs' physical property (i.e., water pipes), not to Dude Wipes. *See Certain Underwriters at Lloyd's London, Inc.*, 2019 IL 190517, ¶ 85, 158 N.E.3d at 1100; *Pekin Ins. Co.*, 289 Ill. App. 3d at 823, 682 N.E.2d at 366; *U.S. Fid. & Guar. Co.*, 144 Ill. 2d at 76, 578 N.E.2d at 931. Therefore, the underlying complaint triggers Harleysville's duty to defend because it sufficiently pled an "occurrence." *See Milwaukee Mut. Ins.*, 2011 IL 101316, ¶ 28–29, 956 N.E.2d at 532 (finding that the insurer had a duty to defend because "an 'occurrence' was pled.").

    **2.**    **Policy exclusions**

Harleysville contends that coverage is excluded by two policy exclusions. The burden of proving that a claim falls within an exclusion lies with the insurer, and the application of the exclusion must be "clear and free from doubt." *Panfil v. Nautilus Ins. Co.*, 799 F.3d 716, 721 (7th Cir. 2015) (cleaned up).

    **a.**    **Expected or intended injury**

First is the policy's "expected or intended injury" exclusion. In applying this relatively common exclusion, courts focus on "whether the *injury* was expected or intended, *not* whether the *act* that caused the injury was expected or intended." *Erie Ins. Exch. v. Imperial Marble Corp.*, 2011 IL 100380, ¶ 19, 957 N.E.2d 1214, 1220; *see also Lemko Corp. v. Fed. Ins. Co.*, 70 F. Supp. 3d 905, 916 (N.D. Ill. 2014). The

exclusion therefore precludes coverage only when the insured can anticipate the resulting injury. *See Am. States Ins. Co. v. Cap. Assocs. Of Jackson Cnty., Inc.*, 392 F.3d 939, 943 (7th Cir. 2004); *see also Maxum Indem. Co. v. Eclipse Mfg. Co.*, 848 F. Supp. 2d 871, 880 (N.D. Ill. 2012) (both holding that property damage was not covered because the insured could reasonably anticipate that its fax recipients would injure property—by use of paper and toner—upon receipt of the faxes).

In this case, the plaintiffs in the underlying class action allege that Dude Products falsely advertised Dude Wipes as "flushable." But they do not allege—or at least their claims do not require them to prove—that any misrepresentations or omissions were knowing, let alone that Dude Products expected or could reasonably anticipate that the claimed injuries (clogging of pipes and sewer damage) would occur. When the Seventh Circuit held that wasting ink and paper was a "normal outcome" of sending junk faxes, it did so because "all senders know exactly how faxes deplete recipients' consumables" and "*every* junk fax invades the recipient's property interest in consumables." *Am. States Ins. Co.*, 392 F.3d at 943. In contrast, even though the underlying plaintiffs allege that Dude Products intended the misrepresentations or omissions, they do not contend that clogged pipes and sewer damage are "normal outcomes" of using Dude Wipes, that Dude Products knew exactly how its products would harm them, or that every Dude Wipe caused property damage. Because the underlying complaint does not allege, directly or inferentially, that Dude Products expected or intended the injury at issue in this case—rather than just the acts that resulted in the injury—the Court "find[s] that the expected or intended injury exclusion does not apply to preclude coverage." *Erie Ins. Exch.*, 2011 IL 100380, ¶ 19, 957 N.E.2d at 1220.

9

### b. Impaired property exclusion

The policy's "impaired property" exclusion precludes coverage for property damage arising from "a defect, inadequacy, or dangerous condition" in the insured's product. Insurance Policy § I.A.2.m.(1). The Seventh Circuit has read the exclusion to cover impairments to the performance of third-party property upon incorporating the insured's product. *See Hamlin Inc. v. Hartford Acc. & Indem. Co.*, 86 F.3d 93, 96 (7th Cir. 1996). Harleysville contends that is the case here, as the Wyant plaintiffs allege impairment to the performance of plumbing and sewer systems.

Harleysville's argument fails, however, because the impaired property exclusion does not apply to third-party property that was physically damaged. The exclusion is titled "Damage to Impaired Property Or Property *Not Physically Injured*," and it excludes "'property damage' to 'impaired property' or property that has *not been physically injured*." Insurance Policy § I.A.2.m (emphasis added). But as discussed previously, the underlying plaintiffs alleged physical injury to tangible property in claiming that Dude Wipes resulted in "clogs *or other sewage damage*." Underlying Compl. ¶ 1, 25 (emphasis added); *see* Part A, *supra*. Although the plaintiffs who sued Dude Products may not have described the precise type of damage, the phrase "other sewage damage" can reasonably be interpreted to include physical damage—especially when "vague, ambiguous allegations against an insured should be resolved in favor of finding a duty to defend." *Ill. Tool Works, Inc. v. Travelers Cas. & Sur. Co.*, 2015 IL 132350, ¶ 26, 26 N.E.3d 421, 428 (2015); *see also State Farm Fire & Cas. Co.*, 387 Ill. App. 3d at 553, 899 N.E.2d at 1235 ("Both the policy terms and the allegations in the underlying complaint are liberally construed in favor of the insured, and any doubts and ambiguities

10

are resolved against the insurer.")

The policy's definition of "impaired property" also undermines Harleysville's argument. "Impaired property" is defined, as relevant here, as property other than the insured's product "that cannot be used or is less useful because [i]t incorporates [the insured's] product . . . that is known or thought to be defective, deficient, inadequate or dangerous," *if* the property can be restored to use by repairing, replacing, adjusting, or removing the insured's product. Insurance Policy § V.8.a. That latter requirement certainly would seem to be true of clogs, but it would not be true of physical damage to plumbing and sewer systems. This exclusion therefore also does not apply.

### 3. Policy period

Harleysville also contends that it has no duty to defend because the underlying complaint does not allege wrongful conduct within the policy period, but its argument is unavailing. The underlying plaintiffs seek to represent "all people who purchased any [Dude] Wipes product that falsely advertised that the product was purportedly 'flushable' during the applicable statute of limitations." Underlying Compl. ¶ 37. The underlying complaint alleges violations of various states' consumer fraud statutes, and Dude Products does not dispute that those claims would fall outside of the policy period because they have at most a four-year statute of limitations and Harleysville's policies expired over five years ago. Yet because the plaintiffs propose a "Multi-State Subclass" that includes residents of Minnesota and New Jersey, *id.* ¶ 38, Dude Product argues that the suit potentially alleges property damage claims within the policy period because Minnesota and New Jersey have six-year statutes of limitations for such claims. *See* Minn. Stat. § 541.05; N.J. Stat. § 2A:14-1.

11

Harleysville responds that its policy does not cover the Wyant action because the Court "need only look at the causes of action contained in the underlying complaint and determine the statutes of limitations for each." Pls./Counter-Defs. Harleysville's Reply Mem. in Supp. of Mot. for J. on the Pleadings 8 [dkt. no. 28]. It contends that because the underlying complaint does not expressly allege Minnesota or New Jersey property damage as one of its causes of action, the Wyant action is not attempting to recover for property damage and the six-year statute of limitations for those claims does not apply.

Harleysville provides no legal support for this assertion, however, and the Seventh Circuit has held that a suit "may be read as an attempt to recover for 'physical injury to or destruction of' or 'loss of use' of [tangible property]" even if the plaintiff did not expressly allege property damage. *Travelers Ins. Cos. v. Penda Corp.*, 974 F.2d 823, 829 (7th Cir. 1992); *see also Hartford Fire Ins. Co.*, 146 F. Supp. 3d at 1015 ("[The] complaint did not need to include a specific request for relief for covered property damage, as such a specific request is not required as long as the allegations of the complaint provide a potential for coverage."). Because the allegations of clogging or other sewer damage could similarly be read as an attempt to recover for physical damage to the plaintiffs' plumbing and other property, the underlying complaint provides a potential for Minnesota and New Jersey property damage claims arising out of conduct within the policy's coverage period.

Harleysville also contends that even if it had a duty to defend, that duty extends only to the claims of the three underlying plaintiffs themselves —not the potential claims of any putative class members. It appears to argue that because all three plaintiffs purchased the product at least five years after the policies expired and none are citizens

12

of Minnesota or New Jersey, the underlying complaint cannot potentially allege any Minnesota or New Jersey property damage claims that would fall within the policy period. Yet because Harleysville fails to cite any legal authority suggesting that an insurer's duty to defend does not cover putative class members' claims, , the Court finds that it has forfeited the argument. See *Mahaffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009) ("[P]erfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived.").[1]

For these reasons, Harleysville has a duty to defend Dude Products that extends to the underlying litigation. Consequently, the Court grants Dude Product's partial motion for judgment on the pleadings and denies Harleysville's motion for judgment on the pleadings on the duty to defend claim.

**B.  Duty to indemnify**

"An insurer's duty to defend its insured is broader than its duty to indemnify." *Nat'l Cas.*, 604 F.3d at 338. But "Illinois law is clear that the determination of whether [the insurer] has a duty to indemnify is not ripe until the underlying litigation is terminated," *Travelers Ins. Cos.*, 974 F.2d 823, 833 (7th Cir. 1992), at least in a case like this one in which the Court has concluded that the insurer has a duty to defend its insured. Because the underlying litigation is still pending, the Court dismisses Harleysville's duty to indemnify claim as unripe.

---

[1] Dude Products cites to a district court decision addressing this issue and stating that out-of-circuit courts have "also held that the potential claims of a putative class can trigger an insurer's duty to defend." *Liberty Mutual Ins. Co. v. Dometic Corp.*, 371 F. Supp. 3d 472, 477 (N.D. Ind. 2019). Neither *Liberty Mutual* nor the cases it cites apply Illinois law in arriving at this conclusion, but this Court need not decide the issue because Harleysville has forfeited the argument.

13

**Conclusion**

For the foregoing reasons, the Court grants defendant Dude Products, Inc.'s motion for partial judgment on the pleadings [dkt. no. 19] with regard to liability on the duty to defend claims in Count 1 of Harleysville's complaint [dkt. no. 1] and Counts 1 and 4 of Dude Products' counterclaim [dkt. no. 12]. Dude Products is thus entitled to recover actual damages for Harleysville Preferred's breach of the Harleysville Primary Policy. The Court denies Harleysville's cross-motion for judgment on the pleadings [dkt. no. 26] because Harleysville has a duty to defend Dude Products in the Wyant lawsuit and its duty to indemnify claim is unripe. The parties are directed to confer regarding any necessary further proceedings and are to submit a joint status report in this regard by no later than January 3, 2023. The case is set for a telephonic status hearing on January 6, 2023 at 8:40 a.m., using call-in number 888-684-8852, access code 746-1053.

Date: December 21, 2022

_____
MATTHEW F. KENNELLY
United States District Judge